**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ROMULUS LOUIS NEDEA,**

      **Petitioner,**                          **CASE NO. 2:12-CV-821**
                                              **JUDGE ALGENON L. MARBLEY**
      **v.**                               **MAGISTRATE JUDGE KEMP**

**HOCKING CORRECTIONAL
FACILITY, WARDEN,**

      **Respondent.**

<u>**REPORT AND RECOMMENDATION**</u>

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit for authorization for filing as a successive petition.

According to the petition, Petitioner challenges his July 1970 convictions after a jury trial in the Lucas County Court of Common Pleas on felonious assault, sodomy, and kidnapping and his 2006 parole revocation hearing. He asserts he was denied due process at the 2006 parole revocation hearing because the parole board revoked his parole based on his unlawful arrest for a fourth degree misdemeanor for which he subsequently was acquitted; because a witness who previously lied at Petitioner's trial testified against him and Petitioner had no counsel or opportunity to cross examine the witness and has been told, as a result of the 2006 revocation of his parole, he will no longer be eligible for parole; and that he has been denied due process because the State has refused to provide him with a copy of his trial transcript for the past 42 years. Petitioner indicates that his claims have

been previously raised in prior federal habeas corpus petitions. *See Petition*.

This is not Petitioner's first federal habeas corpus petition. In October 2004, Petitioner

challenged his 1970 convictions, asserting, *inter alia*, that the state courts unconstitutionally denied

him a copy of his trial transcripts. On November 29, 2004, this Court dismissed the habeas corpus

petition as barred by the one-year statute of limitations under 28 U.S.C. §2244(d). *Nedea v. Warden,*

*Hocking Correctional Facility*, No. 2:04-cv-1005 (S.D. Ohio). On May 14, 2007, he again

challenged the constitutionality of his 1970 state court conviction in §2254 proceedings. The United

States District Court for the Northern District of Ohio transferred the case to the United States Court

of Appeals for the Sixth Circuit as a successive petition. *Nedea v. Jackson,* No. 3:07-cv-2848, 2008

WL 657854 (N.D. Ohio March 6, 2008). Petitioner also has previously filed a petition under 28

U.S.C. §2254 challenging the constitutionality of the June 7, 2006, revocation of his parole and

denial of release on parole at his October 5, 2006, parole hearing. Petitioner asserted that the Ohio

Adult Parole Authority had arbitrarily revoked his parole prior to his trial on new criminal charges

and denied him appointed counsel to be present at the parole revocation hearing. He complained,

as he does in these proceedings, that the parole board had revoked his parole based on his arrest for

an offense on which he subsequently was acquitted. On July 9, 2007, the Court dismissed

Petitioner's claims as plainly without merit. *Nedea v. Warden, Warren Correctional Institution*, No.

3:07-cv-883 (N.D. Ohio July 9, 2007).

Plainly, therefore, this action constitutes a successive petition. 28 U.S.C. §2244 provides:

> (b)(1) A claim presented in a second or successive habeas corpus
> application under section 2254 that was presented in a prior
> application shall be dismissed.

> (2) A claim presented in a second or successive habeas corpus
> application under section 2254 that was not presented in a prior

application shall be dismissed unless-

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

This Court determines whether a petition constitutes a successive petition prior to transferring the case to the Court of Appeals. *In re Smith*, – F.3d –, 2012 WL 3631145 (6th Cir. 2012).

> Whether a petition (a term we use interchangeably with "application") is "second or successive" within the meaning of §2244(b) does not depend merely on whether the petitioner filed a prior application for habeas relief. The phrase is instead "a 'term of art' that is 'given substance' by the Supreme Court's habeas cases." *In re Salem,* 631 F.3d 809, 812 (6th Cir.2011) (quoting *Slack v. McDaniel,* 529 U.S. 473, 486, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). Accordingly, in a number of cases, the Court has held that an application was not second or successive even though the petitioner had filed an earlier one. In *Stewart v. Martinez–Villareal,* 523 U.S. 637, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998), the petitioner filed a second petition that presented a claim identical to one that had been included in an earlier petition. The claim had been unripe when presented in the earlier petition. The Court treated the two petitions as "only one application for habeas relief[.]" *Id.* at 643, 118 S.Ct. 1618. In *Panetti v. Quarterman,* 551 U.S. 930, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007), the Court held that an application that presented a claim that had *not* been presented in an earlier application, but that would have been unripe if it had been presented then, was not second or successive. *Id.* at 945, 127 S.Ct. 2842. In *Magwood v.*

3

> *Patterson*,—— U.S. ——, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010), the Court made clear that an application challenging an earlier criminal judgment did not count for purposes of determining whether a later application challenging a new judgment in the same case was second or successive. *Id.* at 2797–98.

*Storey v. Vasbinder,* 657 F.3d 372, 376-77 (6th Cir. 2011) (a habeas corpus petition filed after a remedial appeal does not constitute a successive petition).

Here, Petitioner has previously raised the same claims asserted herein, and challenges both his 1970 state court conviction and the 2006 revocation of his parole, raising claims that were, or could have been previously asserted.

Before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant shall move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Nelson v. United States,* 115 F.3d 136 (2nd Cir.1997); *Hill v. Hopper,* 112 F.3d 1088 (11th Cir. 1997). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals. *In re Sims,* 111 F.3d 45, 47 (6th Cir.1997) ( *per curia* ). Under §2244(b)(3)(A), only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus. *Nunez v. United States,* 96 F.3d 990 (7th Cir.1996).

That being the case, this Court is without jurisdiction to entertain a second or successive §2254 petition unless authorized by the Court of Appeals for the Sixth Circuit. The Sixth Circuit,

in turn, will issue this certification only if petitioner succeeds in making a *prima facie* showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review; or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S .C. §2244(b)(2).

The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without  2244(b)(3)(A) authorization in In re Sims:

> [W]hen a prisoner has sought §2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without §2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. §1631.

111 F.3d at 47; *see also Liriano v. United States,* 95 F.3d 119, 123 (2d Cir.1996) (per curia).

**WHEREUPON**, the Magistrate Judge **RECOMMENDS** the instant petition be **TRANSFERRED** to the Court of Appeals for the Sixth Circuit for authorization for filing as a successive petition.

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation,* that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in

part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C.  §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp
United States Magistrate Judge