IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROMULUS LOUIS NEDEA,**

    Petitioner,               CASE NO. 2:12-CV-821
                                  JUDGE ALGENON L. MARBLEY
    v.                           MAGISTRATE JUDGE KEMP

**HOCKING CORRECTIONAL
FACILITY, WARDEN,**

    Respondent.

## OPINION AND ORDER

Petitioner Romulus Louis Nedea filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 on September 7, 2012, asserting that he was being held in custody in violation of the Constitution of the United States based on a 2006 decision of the Ohio Adult Parole Authority denying his request for parole. Petitioner is currently serving a sentence imposed by the Lucas County Court of Common Pleas in 1970. In a Report and Recommendation filed on September 17, 2012, the Magistrate Judge, noting that petitioner had previously challenged both his conviction and the parole denial in federal habeas corpus actions, recommended that the case be transferred to the United States Court of Appeals for the Sixth Circuit for authorization for filing as a successive petition. Petitioner has filed a timely objection to that recommendation, which the Court reviews *de novo*. *See* 28 U.S.C. §636(b)(1)(B).

Petitioner does not contest the fact that he has filed other federal habeas corpus cases challenging his continued imprisonment. However, he argues that the recommendation to transfer the case to the Court of Appeals as a successive petition, which was based on 28 U.S.C. §2244(b), a provision of the Antiterrorism and Effective Death Penalty Act, is improper because that Act does not apply retroactively in non-capital cases. It appears to be petitioner's position that because he

was originally sentenced in 1970, the Act cannot be applied to him

Petitioner misunderstands the law and the cases which hold that the AEDPA does not apply retroactively in non-capital cases. The cases he cites do not hold that the AEDPA does not apply in non-capital cases where the conviction was obtained prior to the enactment of the AEDPA, which occurred on April 24, 1996. In Boria v. Keane, 90 F.3d 36 (2d Cir. 1996), the issue was whether the AEDPA's new standard of review - that a writ could not be granted to a petitioner being held in custody pursuant to a state court decision which was neither contrary to, nor an unreasonable application of, clearly established federal law - applied to a case which had been filed before the Act was signed into law. The Court of Appeals held that the Act was not intended to apply to non-capital habeas corpus cases which were pending on the date of its adoption. Here, however, the case which Petitioner just filed was not pending on April 24, 1996, so Boria is inapplicable. The same is true of Gentry v. Trippett, 956 F.Supp. 1320 (E.D. Mich. 1997), aff'd --- Fed. Appx. ----, 173 F.3d 855 (6th Cir. Jan 27, 1999), a case which dealt with the successive petition provision of the Act, and which held only that this provision did not apply "to habeas petitions filed before April 24, 1996." Id. at 1324. Again, the instant petition was not filed before that date.

The correct rule dealing with applicability of the AEDPA is stated in Barker v. Yukins, 199 F.3d 867, 871 (6th Cir. 1999) as follows: "It is now well settled that AEDPA applies to all habeas petitions filed on or after its April 24, 1996 effective date." That is not a retroactive application of the Act, but a prospective application. The Court of Appeals has consistently applied the AEDPA, and specifically the "gate-keeping" provision found in §2244(b), to second or successive petitions filed after the effective date of the Act even if the conviction and the first petition both pre-dated its enactment. See, e.g., Buell v. Anderson, 48 Fed. Appx. 491 (6th Cir. September 24, 2002); see also

<u>In re Byrd</u>, 269 F.3d 561 (6th Cir. 2001).  This Court must do likewise.

For these reasons, Petitioner's objection (Doc. 7) to the Report and Recommendation (Doc. 3) is **OVERRULED** and the Report and Recommendation is **ADOPTED AND AFFIRMED.**  This case is **TRANSFERRED** to the Court of Appeals for the Sixth Circuit for a determination of whether Petitioner may file it as a successive petition.

**IT IS SO ORDERED.**

   s/Algenon L. Marbley
ALGENON L. MARBLEY
United States District Judge

DATED:  November 27, 2012